## Borwell v. Schultz.

1.  JURY—*Province to Determine Where is the Weight of  Evidence.*—
In a controversy as to whether work was  performed in compliance with
a contract, and  as to the value of  work  not included  in  the contract,
where the evidence is conflicting, it is  the peculiar province of  the jury
to determine where the weight of the evidence lies.

2.  INSTRUCTIONS—*Must be Applicable to  the Evidence.*—An instruction
which is inapplicable to the evidence is properly refused.

**Memorandum.**—Assumpsit.  Appeal from  the Circuit Court of  Cook
County, the  Hon.  FRANCIS ADAMS,  Judge,  presiding.  Heard in  this
court at the October term, 1892, and affirmed.  Opinion  filed  February
14, 1893.

### STATEMENT OF THE CASE.

In February, 1892, Borwell  ordered of Schultz some fix-
tures for a store at 142 West Madison street, Chicago, to be
the same as the fixtures in the store managed by Borwell at
101 East Madison street.  The  price agreed upon for the
whole job was $275.  Schultz did some extra  work not in-
cluded in the contract.

Borwell  being anxious to have  the fixtures completed
without delay, and Schultz being so crowded with  work
that he could not do so, the  greater part of the work in-
cluded in the contract was given to one Jorgensen and done
by him.  It was claimed the work  done was not as agreed
upon.  Borwell refused to pay.

Suit was begun  by Schultz in a justice court, where a trial
resulted in a  judgment against Borwell for $114.40, from
which  he appealed to the Circuit Court, where a trial before
a jury resulted in a  verdict and judgment against him for
$139.90.  Borwell appeals to this court.

APPELLANT'S BRIEF, R. W. KING AND OLIVER & SHOWALTER,
ATTORNEYS.

The appellant contended that the  trial court erred in re-
fusing to give the fourth instruction asked by him, claiming

that there was evidence in the case to support the theory announced in it, citing the following authorities: Mo. Furnace Co. v. Abend, 107 Ill. 44; Prairie State Loan & Trust Co. v. Doig, 70 Ill. 52; Tyler v. Western Union Tel. Co., 60 Ill. 421, 434; Kendall v. Brown, 74 Ill. 232; Ayers v. Metcalf, 39 Ill. 307; Chicago, B. & Q. R. R. v. Sykes, 96 Ill. 162, 176.

The instruction in question is as follows: "If the jury believe, from the evidence, that the $275 contract was rescinded, the plaintiff can not recover the contract price, but he is entitled to recover from the defendant such amount as the jury believe from the evidence, is a fair and reasonable price for the labor performed and the material furnished, less the amount, if any, which they believe from the evidence the defendant has paid the plaintiff for such material and labor."

JOHN N. JEMISON, attorney for appellee.

OPINION OF THE COURT, SHEPARD, J.

This is an appeal from a judgment in favor of appellee for mechanical work done for the appellant in the matter of certain store fixtures, under a contract between the parties, and for certain work outside of the contract.

The suit was originally begun in a justice of the peace court, and from a judgment there in favor of appellee, was appealed to the Circuit Court, where judgment was again recovered by the appellee.

The controversy was one of fact, as to whether the work done was performed in compliance with the contract, and as to the value of the work not included in the contract. The evidence was conflicting, and it was the peculiar province of the jury to determine where the weight of evidence lay. We are unable to say from the record that the jury did not find correctly, and under such circumstances, the verdict should not be disturbed.

No instructions were given to the jury in behalf of appellee. Those that were given in behalf of the appellant, and

by the court on its own motion, presented the issues to the jury with marked clearness, and quite as favorably to the appellant as he was entitled to.

The refusal of the court to give the fourth instruction offered by appellant with reference to a rescission of the contract, was entirely proper.

The fact that appellee procured Jorgensen, another mechanic, to make the cases, and that appellant, by direction of appellee, went to see the cases while they were being made, and talked with Jorgensen about them, and paid Jorgensen for them, at the request of appellee, and that Jorgensen did other work for appellant, does not even tend to establish a rescission of the contract between Schultz and Borwell, by mutual consent, or otherwise. Hence the instruction was entirely inapplicable, and was properly refused.

We discover no error of consequence in the record, and the judgment of the Circuit Court will therefore be affirmed.